<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVESTRE ELIAZAR CASTELLANOS-ZEPEDA, | No. 23cv3677 (EP) |
| Petitioner, | **OPINION** |
| v. | |
| WARDEN, FCI FORT DIX, | |
| Respondent. | |

**PADIN, District Judge.**

*Pro se* Petitioner Silvestre Eliazar Castellanos-Zepeda, formerly incarcerated at FCI Fort Dix, New Jersey ("Fort Dix"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asking the Court to order the Federal Bureau of Prisons ("BOP") to calculate his earned time credits under the First Step Act ("FSA") and apply them toward his federal sentence. D.E. 1 ("Petition"). On August 1, 2023, the Honorable Robert B. Kugler, U.S.D.J., directed Respondent United States to respond to the Petition. D.E. 4. Respondent filed its answer on October 16, 2023. D.E. 9.

On June 13, 2024, the matter was reassigned to the Honorable Edward S. Kiel, U.S.D.J. D.E. 13. Judge Kiel ordered Respondent to file a status update because Respondent's answer indicated that Petitioner's release date was May 1, 2024. D.E. 14 (citing D.E. 9-1 ¶ 12). The matter was reassigned to the undersigned on June 21, 2024. D.E. 15. Respondent filed its update on July 17, 2024 confirming that Petitioner had been released from BOP custody on May 1, 2024. D.E. 17. Mail sent to Petitioner at Fort Dix was returned to the Court as undeliverable. D.E. 16. Respondent argues the Petition is moot after Petitioner's release. D.E. 17.

"Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct.  When such a statutorily created right exists, a prisoner has a constitutionally protected liberty interest in good time credit."  *Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013) (internal citations and quotation marks omitted). A prisoner challenging the failure to apply good time credits may bring such claims under 28 U.S.C. § 2241 "as the action could affect the duration of the petitioner's sentence."  *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (*per curiam*).  However, "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."  *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)).  "This general principle derives from the case or controversy requirement of Article III of the Constitution, which 'subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit.'"  *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)) (omission in original).

Petitioner has completed his sentence and been released from BOP custody.  D.E. 7-1 ¶ 4. He is now in Immigration and Custom Enforcement's custody.  *Id.*  The Court can grant no further relief to Petitioner pursuant to § 2241.  Accordingly, the Court will **DISMISS** the Petition *as moot*.

An appropriate Order accompanies this Opinion.

**7/24/2024**
Date

Evelyn Padin, U.S.D.J.

2